UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Donyell McKenzie,

                         Plaintiff,

      v.

Hope Obertean,

                         Defendant.

**Decision and Order**

17-CV-441W

## I. INTRODUCTION AND BACKGROUND

*Pro se* plaintiff Donyell McKenzie has been an inmate at the Wende Correctional Facility in Western New York since 2009. McKenzie has high blood pressure, and when defendant Hope Obertean, a nurse practitioner at Wende, tried to address it in July 2016, McKenzie objected. The essence of McKenzie's second amended complaint (Dkt. No. 12) is that Obertean allegedly tried to force McKenzie to take blood pressure medication to which he was allergic; this attempted force allegedly included involuntary confinement at the Wende infirmary.

McKenzie now wants to allege that a similar incident happened in May 2018—an incident that appears to have ended with McKenzie successfully refusing medical treatment. To that end, McKenzie has filed non-dispositive[1] motions to supplement his current complaint or, perhaps as an alternative, to amend his complaint altogether. (Dkt. Nos. 22, 26.) Obertean opposes the motion partly because of various procedural defects but also because McKenzie has included causes of action and personal invective that make his principal claims difficult to understand.

---

[1] Motions to amend a complaint are considered non-dispositive. *See, e.g., Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *Palmer v. Monroe Cty. Sheriff*, 378 F. Supp. 2d 284, 289 (W.D.N.Y. 2005) (citations omitted).

District Judge Elizabeth Wolford has referred this case to this Court under 28 U.S.C. § 636(b). (Dkt. No. 24.) The Court presumes familiarity with the record including the factual background that Judge Wolford provided in her screening order of March 8, 2018. (Dkt. No. 9.) The Court has deemed the motions submitted under Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons below, the Court denies the motions.

## II. DISCUSSION

With the circumstances here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citation omitted). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted). Supplemental pleadings follow a slightly different procedure under Rule 15. "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d). "A supplemental pleading is designed to cover matters that occur subsequent to the filing of the complaint, but pertain to the original pleadings. Thus, under Rule 15(d), a party may supplement the original pleading to include subsequent occurrences which are related to the claim presented in the original complaint, absent

prejudice to the nonmoving party." *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991) (citations omitted).

Here, McKenzie's motions do not fulfill the criteria for supplemental or amended pleadings under Rule 15. The second amended complaint contains allegations of detention in the Wende infirmary to try to force McKenzie to acquiesce to medication. Judge Wolford decided that the combination of alleged detention and alleged forced medication sufficed to sustain, at least for now, a claim of a substantive due process violation under the Fourteenth Amendment. (Dkt. No. 9 at 5.) In contrast, McKenzie's pending motions lack allegations of the same sort of deprivation. The motion to supplement contains assertions by McKenzie that he successfully refused a hospital callout on May 10 and 17, 2018. (Dkt. No. 22 at 8–9.) On May 22 and 30, 2018, McKenzie allegedly received hospital callouts and was "urged" to receive medication. (*Id.* at 3.) McKenzie apparently successfully refused medical care on these occasions as well. McKenzie asserts that he has to be careful with hospital callouts because failure to attend can result in infractions. (*Id.* at 5.) Nonetheless, McKenzie has not alleged that he actually was given medicine or actually was punished for refusing to do so. McKenzie has no claim beyond the stress of repeated attempts to persuade him to receive medication. *Cf. McMiller v. Wolf*, No. 94-CV-0623E(F), 1995 WL 529620, at *2 (W.D.N.Y. Aug. 28, 1995) (*de minimis* force does not rise to the level of a constitutional violation). The motion to amend repeats the same factual allegations. Under these circumstances, McKenzie simply has not set forth any kind of injury that requires any changes to the second amended complaint. Without predicting or offering any comment on the potential merits of any future motions, if McKenzie is facing repeated pressure to acquiesce in due process violations then he can use discovery to review procedures for medical treatment and he can seek injunctive relief to prevent future violations of those procedures. Seeking discovery or injunctive relief would bring finality to

the pleadings and allow the case to move forward.  *Cf. Abbott v. Wyoming Cty. Sheriff's Office*, No. 15-CV-531W, 2017 WL 2115381, at *3 (W.D.N.Y. May 16, 2017) ("Even with allegations of ongoing retaliation, defendants at some point need to have some finality about what they are facing.") (citations omitted); *Armstrong Pump, Inc. v. Hartman*, No. 10CV446S, 2013 WL 6230110, at *10 (W.D.N.Y. Dec. 2, 2013) ("There needs to be finality in pleadings and this case, approaching three years old, needs to move to disposition on its merits of the claims and defenses asserted.").

### III. CONCLUSION

For the above reasons, the Court denies McKenzie's pending motions.  (Dkt. Nos. 22, 26.) A scheduling order will issue separately.

SO ORDERED.

__/s Hugh B. Scott_____

Hon. Hugh B. Scott
United States Magistrate Judge

DATED: February 5, 2019